**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:95-cv-00757-HDM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| BOARD OF DIRECTORS, TRUCKEE-CARSON IRRIGATION DISTRICT, individually, and the TRUCKEE-CARSON IRRIGATION DISTRICT, | ) | |
| Defendants. | ) | |
| D. EDWIN BRUSH, TED J. deBRAGA, RICHARD HARRIMAN, ROGER MILLS, JIM PERAZZO, RAY PETERSON, and WILLIAM E. SHEPARD, | ) | |
| Counterclaimants, | ) | |
| vs. | ) | |
| THE UNITED STATES OF AMERICA, and GALE NORTON, Secretary of the Interior, | ) | |
| Counterdefendants. | ) | |
| PYRAMID LAKE PAIUTE TRIBE OF INDIANS, | ) | |
| Intervenors. | ) | |

On April 20, 2009, the Court of Appeals affirmed this court's decision of December 3, 2003, except with respect to the amounts of recoupment for excess diversions and spills, which the Ninth Circuit vacated and remanded for recalculation without regard to gauge error and for inclusion of spills between 1981 and 1984, and with respect to the award of water interest, which the Ninth

1

1    Circuit vacated and remanded for further consideration.

2        The parties have filed briefs with supporting affidavits

3    directed to the issues on remand.  The court, having considered the

4    pleadings and affidavits, finds and concludes as follows:

5        With respect to the amount of diversions and spills to be

6    recalculated without regard to gauge error, the court concludes

7    that the Ninth Circuit's mandate directs recalculation for the

8    specific years identified in its order: 1974, 1975, 1978, 1979, and

9    1980.  *See United States v. Bell*, 602 F.3d 1074, 1087 (9th Cir.

10   2010) ("The judgment with respect to amounts of recoupment for

11   excess diversions in 1974, 1975, 1978, 1979, and spills in 1979 and

12   1980 is vacated and remanded for recalculation of the effect of

13   gauge error.").  The court accordingly calculates the total amount

14   subject to recoupment in accordance with the remand order by adding

15   the excess diversions for 1974, 1975, 1978, 1979 without regard to

16   the confidence intervals and spills for 1979 and 1980 without

17   regard to the confidence intervals to the spills for years 1981,

18   1982, and 1983.[1]  In so calculating, the court relies on the

19   amounts presented by defendant TCID's expert Charles Binder at

20   trial and summarized by the government and Tribe's rebuttal expert

21   Ali Shahroody on remand. (*See* Doc. #734 (Shahroody Decl. Tr. Exs.

22   1805 & 1802; *id.* Ex. A)).[2]  The court hereby determines that the

23   uncontradicted affidavit of Shahroody, which relies on the

24   calculations set forth in the report prepared by Binder,

26       [1] The record does not reflect there is any amount subject to recoupment

27   for spills in 1984. (*See* Doc. #734 (Shahroody Decl. Tr. Ex. 1802)).

28       [2] TCID has not objected to the government and Tribes' summary of the
     amounts subject to recoupment without regard to the confidence interval.

establishes that the total amount subject to recoupment is as follows: (1) for 1974, 57,555 acre feet for excess diversions; (2) for 1975, 36,289 acre feet for excess diversions; (3) for 1978, 77,888 acre feet for excess diversions; (4) for 1979, 94,308 acre feet for excess diversions and 13,264 acre feet for spills; (5) for 1980, 13,548 acre feet for spills; (6) for 1981, 1,658 acre feet for spills; (7) for 1982, 4,280 acre feet for spills; and (8) for 1983, 10,690 acre feet for spills.  Therefore, the total amount of excess diversions subject to recoupment is 309,480 acre feet.

With respect to water interest, the Ninth Circuit directed the court to "explain the basis in the record for its legal or equitable award of 'water interest.'" *Bell*, 602 F.3d at 1082. Although this appears to leave open the question of whether water interest may be awarded legally, the Ninth Circuit also stated that "there appears to be no legal basis for [such] an award." *Bell*, 602 F.3d at 1083.  Having considered the pleadings and affidavits both in support of and in opposition to an award of water interest, the court finds there is no legal basis supporting an award of water interest, and the government and Tribe do not appear to assert there is one. (*See* Opening Brief 10; Reply 12-13).[3]  The court also finds there is no equitable basis supporting an award of water interest in this case.  That is, water interest is not "necessary to compensate the government and Tribe for being deprived of water for the loss of time between the ascertainment of the damage and the payment by TCID." *See id.* at 1084 (internal punctuation omitted).  The judgment of this court was entered

---

[3] Citations are to CM/ECF page numbers.

pursuant to the Settlement Act to compensate the Tribe for excess diversions.  The court can find no factual basis for awarding the defendants more water than was originally taken and more than was contemplated by the Settlement Act.  While the court did not preclude presentation of further affidavits on this issue, it is not persuaded that the facts and assertions contained in the affidavits submitted by the government and the Tribe in their opening brief justify the equitable award of water interest.  The court therefore finds that there is no legal or equitable basis for the award of pre- or postjudgment water interest in this action.

The government and Tribe's request for judicial notice (#748) is granted and the exhibits attached thereto have been considered by the court in making its determination.  The record also reflects that both parties have advanced issues that go beyond the mandate of the Court of Appeals on remand, and the court declines to consider those issues in modifying the judgment.

Accordingly, the clerk of the court is directed to file an amended judgment consistent with this order.  The judgment of the court entered December 9, 2003, shall be amended by striking the following language at page 2 of the judgment, "for excess diversions in the amount of 197,152 acre-feet," and replacing it with the following language, "for excess diversions and spills in the amount of 309,480 acre-feet."

**IT IS SO ORDERED.**

DATED: This 6th day of October, 2011.

Howard D McKibben

UNITED STATES DISTRICT JUDGE

4