**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:95-CV-00757-HDM |
| Plaintiff, | |
| and | ORDER |
| PYRAMID LAKE PAIUTE TRIBE OF INDIANS, | |
| Intervenor-Plaintiff, | |
| v. | |
| BOARD OF DIRECTORS OF THE TRUCKEE-CARSON IRRIGATION DISTRICT, individually and as Representatives of the Class of all Water Users in the Newlands Reclamation Project; TRUCKEE-CARSON IRRIGATION DISTRICT, | |
| Defendants, | |
| and | |
| STATE OF NEVADA, Department of Conservation and Natural Resources, Division of Wildlife and Division of State Lands; CHURCHILL COUNTY; DODGE BROTHERS AND DOGE JR. FAMILY TRUST; DAVID P. HARRIGAN; GEORGE AND SHELLY RAE RAKURSHIN; WILLIAM D. AND GWENDOLYN WASHBURN; MARVIN WEISHAUPT; HOWARD D. WOLF FAMILY TRUST; RAY CONLAN; | |

| | |
|---|---|
| 1 | CORKILL BROS., INC.; CALVIN R. MOFFITT AND CANDACE J. MOFFITT; |
| 2 | BELL FAMILY TRUST; LARRY L. FRITZ FAMILY TRUST; DAVID L. |
| 3 | MATLEY AND CHRISTINE L. MATLEY FAMILY TRUST AND DAVID MATLEY; |
| 4 | HAROLD G. AND RHONDA JOHNSON AND JOHNSON FAMILY TRUST; A&A |
| 5 | DAIRY; JOYCE LOHR; PERALDO BROTHERS; STILLWATER FARMS, |
| 6 | INC.; CHARLES P. FREY, JR. AND DEBRA S. FREY; NORMAN W. FREY; |
| 7 | FALLON-PAIUTE SHOSHONE TRIBE, |
| 8 | Intervenor-Defendants. |

On April 20, 2010, the Court of Appeals issued its decision affirming this court's December 3, 2003, decision but vacating, in relevant part, the court's calculation of the amount of excess diversions subject to recoupment and remanding for recalculation without regard to the confidence interval. In its mandate, the Court of Appeals directed the court to recalculate the amount of excess diversions subject to recoupment in the following years: 1974, 1975, 1978, and 1979.

On remand, the government and the Tribe argued that recalculation of excess diversions without regard to the confidence interval would result in four additional years having a measurable amount of water subject to recoupment: 1973, 1976, 1985, and 1986. This court, however, constrained by the mandate of the Court of Appeals, limited recalculation of excess diversions to the four specified years.

Following entry of the amended judgment, several of the parties appealed. On July 22, 2013, the Court of Appeals issued an order withdrawing its original mandate and amending it to include recoupment for excess diversions in 1973, 1976, 1985, and 1986,

2

1  subject to this court's consideration of TCID's argument that an
2  alternative basis exists for denial of recoupment in 1985 and 1986.
3  This court's judgment on remand was vacated and this case was
4  remanded for proceedings in accordance with the amended mandate.
5  The amended mandate was issued on September 16, 2013, and this
6  court entered its order on mandate on September 23, 2013.
7  Accordingly, the court must now recalculate the total amount of
8  excess diversions and spills subject to recoupment.
9      In recalculating the amounts subject to recoupment, the court
10 employs the method used in its order of October 6, 2011, which
11 relied on the amounts subject to recoupment presented by defendant
12 TCID's expert Charles Binder at trial and summarized by the
13 government and Tribe's rebuttal expert Ali Shahroody on remand.
14 (*See* Doc. #734 (Shahroody Decl. Tr. Exs. 1805 & 1802; *id.* Ex. A)).
15 Neither the Court of Appeals nor any of the parties has disputed
16 the court's use of this method.
17     Therefore, as to the year 1973, the court concludes the total
18 amount subject to recoupment is 23,224 acre feet.
19     As to the year 1976, the court concludes the total amount
20 subject to recoupment is 3,204 acre feet.
21     As to the year 1985, the total amount subject to recoupment
22 would be 48,203 acre feet, and as to the year 1986, the total
23 amount subject to recoupment would be 9,918 acre feet.  However, as
24 to both the years 1985 and 1986, the Court of Appeals has directed
25 the court to determine whether, and to what extent, the amounts
26 subject to recoupment are impacted by court orders authorizing
27 deviation from the OCAP.  *See United States v. Bd. of Directors of*
28 *Truckee-Carson Irr. Dist.*, 723 F.3d 1029, 1035 (9th Cir. 2013).

3

On remand in 2011, TCID made two arguments in this regard. (Doc. #744 at 8). First, TCID argued that court orders in 1985 and 1986 allowed diversions of water for storage. Specifically, TCID argued that on January 15, 1985, Judge Craig issued an order allowing diversions for the 1985 irrigation season, and that on October 28, 1985, Judge Thompson continued that order. Second, TCID argued that Judge Thompson's October 28, 1985, order also provided that TCID's Bench/Bottom maps would be used during the 1986 irrigation season, and that measured by TCID's maps there were no excess diversions for that year.

The government and the Tribe responded that beginning in March 1985, the Bureau of Reclamation ("Reclamation") issued several interim OCAPs that controlled TCID's diversion of water in 1985 and 1986 and that Judge Thompson approved the 1985 interim OCAP in a November 15, 1985, order. The government and Tribe also argued that the OCAP approved by Judge Thompson on November 15, 1985, which carried forward into 1986, employed Reclamation's maps. Although Judge Thompson later rejected Reclamation's maps, they argued, that decision was overturned on appeal.

The court has determined that additional briefing is necessary to fully respond to the Ninth Circuit's Order of Remand. Therefore, the parties shall address any orders in existence – if there are any in addition to those already cited – that pertain to the rights to use water in 1985 and 1986. The parties shall also consider the impact of the following findings and conclusions of this court's December 3, 2003, decision: (1) the OCAPs are "subordinate to the Orr Ditch and Alpine Decrees . . . [and] any orders or judgments issued pursuant to the Nevada District Court's

4

continuing jurisdiction in those cases necessarily would supercede any inconsistent terms of the OCAP," (Doc. #423 at 10); (2) any changes to the 1973 OCAP require either the Tribe's written agreement or court approval, *id.* at 10, 14; and (3) "the evidence [at trial] established that in 1985 and 1986 the decree court entered orders with regard to diversions by the Federal Water Master for water spreading and diversions in 1985 and 1986 that take precedence over any interim OCAPs for those years and any diversions or deliveries that occurred under court orders are not properly a part of any recoupment calculation," *id.* at 25.  In this regard, the court notes that Judge Thompson's approval of the 1985 interim OCAP was from November 15, 1985, to March 15, 1986.  (Doc. #748 att. E (Minutes of the Court Dated Nov. 15, 1985).

Further, as to TCID's second argument, Judge Thompson approved the interim OCAP that adopted Reclamation's map for the 1986 irrigation season, (Doc. #748 Att. E (Tr. Ex. 43)) and Judge Thompson's later order in a separate case rejecting Reclamation's map was overturned on appeal in *United States v. Alpine Land & Reservoir Co.*, 887 F.2d 207, 210 (9th Cir. 1989).  While this may suggest that it is Reclamation's map – and not TCID's – that controls for the 1986 irrigation season, the parties shall address these issues in the context of any and all other court orders in existence that impact the right to use water in 1986.

/
/
/
/
/

5

In accordance with the foregoing, on or before March 3, 2014, TCID shall file a brief with respect to its argument that court orders authorized deviation from the OCAP in 1985 and 1986. The plaintiffs shall file any opposition by April 3, 2014, and TCID shall file any reply by April 18, 2014.

**IT IS SO ORDERED.**

DATED: This 29th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE