```
                         UNITED STATES DISTRICT COURT

                                DISTRICT OF NEVADA


UNITED STATES OF AMERICA,              3:95-CV-00757-HDM

          Plaintiff,

     and                               ORDER ON MOTION TO STRIKE

PYRAMID LAKE PAIUTE TRIBE OF
INDIANS,

          Intervenor-Plaintiff,

     v.

BOARD OF DIRECTORS OF THE
TRUCKEE-CARSON IRRIGATION
DISTRICT, individually and as
Representatives of the Class of
all Water Users in the Newlands
Reclamation Project; TRUCKEE-
CARSON IRRIGATION DISTRICT,

          Defendants,

     and

STATE OF NEVADA, Department of
Conservation and Natural
Resources, Division of Wildlife
and Division of State Lands;
CHURCHILL COUNTY; DODGE
BROTHERS AND DOGE JR. FAMILY
TRUST; DAVID P. HARRIGAN;
GEORGE AND SHELLY RAE
RAKURSHIN; WILLIAM D. AND
GWENDOLYN WASHBURN; MARVIN
WEISHAUPT; HOWARD D. WOLF
FAMILY TRUST; RAY CONLAN;
```

1

|   |   |
|---|---|
| 1 | CORKILL BROS., INC.; CALVIN R. MOFFITT AND CANDACE J. MOFFITT; BELL FAMILY TRUST; LARRY L. FRITZ FAMILY TRUST; DAVID L. MATLEY AND CHRISTINE L. MATLEY FAMILY TRUST AND DAVID MATLEY; HAROLD G. AND RHONDA JOHNSON AND JOHNSON FAMILY TRUST; A&A DAIRY; JOYCE LOHR; PERALDO BROTHERS; STILLWATER FARMS, INC.; CHARLES P. FREY, JR. AND DEBRA S. FREY; NORMAN W. FREY; FALLON-PAIUTE SHOSHONE TRIBE, |

        Intervenor-Defendants.
_____/

    The government and the Pyramid Lake Paiute Tribe of Indians ("Tribe") have filed a motion to strike (#850) the declaration of Walter S. Winder, attached to TCID's reply brief in response to the court's order on remand (#848-1), as well as any parts of TCID's reply that rely thereon.  They argue that Winder is an expert witness who was not timely disclosed before trial and has not been qualified, and that he cannot qualify as a lay witness because his opinions are highly specialized.  Further, they argue the declaration contradicts evidence in the record that was relied on by the court, the Ninth Circuit, and TCID.  Finally, they note that trial is complete and the court has not reopened the record for additional evidence such as Winder's declaration.

    TCID opposes the motion (#851), arguing that Winder is not an expert but is a lay witness because his opinions are based on his expertise acquired from his employment.  TCID further argues that Winder's declaration is intended only to summarize facts and evidence in the record to explain what the maximum allowable diversion for the Carson Division in 1985 should have been in response to the Ninth Circuit's direction that the record be

developed on "the issue of gauge data" and recoupment for 1985 and 1986 be recalculated.  TCID denies the declaration contradicts evidence in the record.

Winder's declaration does not merely summarize evidence already in the record; it reinterprets and in some cases contradicts it.  For example, the court has already concluded that the OCAP maximum allowable diversion for 1985 was 335,000 acre feet.  (Order Dated Dec. 2, 2003 at 15).  This is the number reflected in Exhibit 1805, the chart on which the court has relied to calculate the amounts subject to recoupment.  The court's finding in this regard was not disturbed on appeal.  Winder's declaration, by way of contrast, asserts the actual maximum allowable diversion should have been 353,000 acre feet.  Such reformulation of the evidence is beyond the scope of the Ninth Circuit's mandate, which ordered the court to simply recalculate the water subject to recoupment for 1985 and 1986 by removing the gauge error.  It did not order the court to reopen all evidence bearing on recoupment for 1985 and 1986 for argument and reanalysis.  Further, Winder's declaration was not part of the original record in this action, and the court did not reopen the record and invite the parties to submit additional evidence.  Accordingly, the declaration is not properly before the court, and the government and Tribe's motion to strike (#850) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: This 11th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE