**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:95-CV-00757-HDM |
| Plaintiff, | |
| and | ORDER |
| PYRAMID LAKE PAIUTE TRIBE OF INDIANS, | |
| Intervenor-Plaintiff, | |
| v. | |
| BOARD OF DIRECTORS OF THE TRUCKEE-CARSON IRRIGATION DISTRICT, individually and as Representatives of the Class of all Water Users in the Newlands Reclamation Project; TRUCKEE-CARSON IRRIGATION DISTRICT, | |
| Defendants, | |
| and | |
| STATE OF NEVADA, Department of Conservation and Natural Resources, Division of Wildlife and Division of State Lands; CHURCHILL COUNTY; DODGE BROTHERS AND DOGE JR. FAMILY TRUST; DAVID P. HARRIGAN; GEORGE AND SHELLY RAE RAKURSHIN; WILLIAM D. AND GWENDOLYN WASHBURN; MARVIN WEISHAUPT; HOWARD D. WOLF FAMILY TRUST; RAY CONLAN; | |

1

| | |
|---|---|
| 1 | CORKILL BROS., INC.; CALVIN R. MOFFITT AND CANDACE J. MOFFITT; BELL FAMILY TRUST; LARRY L. FRITZ FAMILY TRUST; DAVID L. MATLEY AND CHRISTINE L. MATLEY FAMILY TRUST AND DAVID MATLEY; HAROLD G. AND RHONDA JOHNSON AND JOHNSON FAMILY TRUST; A&A DAIRY; JOYCE LOHR; PERALDO BROTHERS; STILLWATER FARMS, INC.; CHARLES P. FREY, JR. AND DEBRA S. FREY; NORMAN W. FREY; FALLON-PAIUTE SHOSHONE TRIBE, |

Intervenor-Defendants.
_____/

On April 20, 2009, the Court of Appeals entered an order largely affirming this court's decision of December 3, 2003, but vacating and remanding for recalculation of the recoupment for the years 1974, 1975, 1978, 1979, and 1980.  On October 6, 2011, this court entered its order calculating the total amount subject to recoupment for those years to be 309,480 acre feet.  The court did not recalculate and include recoupment for four additional years – 1973, 1976, 1985, and 1986 – as they were not included in the Court of Appeals' mandate.

On July 22, 2013, the Court of Appeals withdrew and amended its original mandate to include recoupment for any excess diversions in 1973, 1976, 1985, and 1986, subject to this court's consideration of Truckee-Carson Irrigation District's ("TCID") argument that an alternative basis exists for denial of recoupment in 1985 and 1986.  The Court of Appeals stated:

> With regard to 1985 and 1986, there may be merit to TCID's contention that there is an alternative ground in the record for the district court's finding that recoupment was unavailable or limited for those years, namely, deviation from the OCAP authorized by court order.  We leave to the district court to determine whether, and to what extent, this consideration affects the recoupment available for 1985 and 1986. . . .

2

*United States v. Bd. of Directors of Truckee-Carson Irr. Dist.*, 723 F.3d 1029, 1035 (9th Cir. 2013).

On January 29, 2014, this court issued its order determining that the amount subject to recoupment for 1973 was 23,224 acre feet, and the amount subject to recoupment for 1976 was 3,204 acre feet. Following the submission of briefs by the parties, on May 11, 2015, the court concluded that under applicable court orders, diversions made between January 15, 1985, and November 15, 1985, and March 13, 1986, and July 1, 1986, are not subject to recoupment, but that diversions in excess of the OCAPs for the periods January 1, 1985, through January 15, 1985, November 15, 1985, to March 13, 1986, and July 1, 1986, through the end of 1986 may be subject to recoupment. The parties were directed to meet and confer to determine whether they could agree on an amount subject to recoupment for those time periods in 1985 and 1986. They could not.

Presently before the court, then, are the parties' briefs regarding the amount of recoupment, if any, each believes should be awarded for 1985 and 1986. (Doc. #868, #869, #870, #871, #876, #877, #878). The court concludes that, on the record before the court at the time of its decision, there is insufficient evidence that was admitted in the government's case in chief which supports any recoupment for 1985 and 1986. The data on which the government and Tribe rely was taken from a document prepared by Ali Shahroody and was admitted for limited rebuttal purposes. At the time, the court observed that it was not persuaded by the data submitted by Shahroody. Although the government and the Tribe have cited portions of the record containing historical data they argue

3

supports an award of recoupment, calculating recoupment based on that data would require an entirely different methodology than that adopted by the court.  And that is even if the court were inclined to modify the methodology to a monthly rather than yearly analysis.

Accordingly, the court concludes that the government and Tribe's claims for recoupment for 1985 and 1986 should be denied.

**IT IS SO ORDERED.**

DATED: This 25th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE