UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:95-cv-00757-MMD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| BOARD OF DIRECTORS of the TRUCKEE-CARSON IRRIGATION DISTRICT, individually, and as Representatives of the Class of all Water Users in the Newlands Reclamation Project, *et al.,* and the TRUCKEE-CARSON IRRIGATION DISTRICT, | |
| Defendants. | |

**I.   SUMMARY**

This is a long-running dispute about the water in the Truckee River. The Court's role at this stage in these proceedings is to ensure the equitable execution of the Third Amended Judgment (ECF No. 992 ("TAJ")), under which the Truckee-Carson Irrigation District ("TCID") must repay water it impermissibly diverted in the past. *See U.S. v. Bd. of Directors of Truckee Carson Irrigation Dist.*, 708 F. App'x 898 (9th Cir. 2017). The Court previously appointed a Water Master, who is responsible for certifying the amount of water TCID repays each year. (ECF No. 992 at 3; *see also* ECF No. 1056.) In response to questions from the Water Master about the categories of water for which TCID should receive repayment credit, and after receiving briefing from the parties and holding a hearing on the Water Master's request for guidance, the Court issued an order providing the Water Master with the guidance he requested. (ECF No. 1074 (the "Order").) Before the Court are two motions seeking clarification of the Order: one filed by the Fallon Paiute-

1  Shoshone Tribe (the "Fallon Tribe") (ECF No. 1075);[1] and another filed by TCID (ECF No.
2  1080).[2] As further explained below, the Court will grant the Fallon Tribe's motion to the
3  extent it seeks assurance that the Order should not be interpreted as impairing the Fallon
4  Tribe's decreed water rights, as any other interpretation would not align with the TAJ. But
5  the Court will deny TCID's motion for clarification because the Order was sufficiently
6  clear—the "Water Master should use the legal and physical cap to TCID's possible
7  diversions as his baseline." (ECF No. 1074 at 5.) Finally, the Court will also address
8  Plaintiffs' request for the Court to implement a new advance notice procedure.

## II.  BACKGROUND

The underlying facts of this case may be found in the Court's order concerning TCID's motion to dismiss (ECF No. 1003-1 at 3-5), and the Court's December 2003 decision on the merits (ECF No. 423 at 2-18).

As noted, the Order provided guidance to the Water Master on several categories of water he asked questions about. The Court divided the subject water into four categories: (1) Voluntary Reductions; (2) Involuntary Reductions; (3) Sustainability Reductions; and (4) Donner Lake Water. (ECF No. 1074 at 4-9.) The Court determined TCID should get credit for Voluntary Reductions, Sustainability Reductions, and Donner Lake Water—as those terms are defined in the Order—but not for Involuntary Reductions. (*Id.*) Neither of the pending motions for clarification seek reconsideration of the Court's decisions in the Order as to which categories of water TCID should get repayment credit for. (ECF Nos. 1075, 1080.)

Instead, the Fallon Tribe seeks clarification of the meaning of a single sentence in the Order, and TCID seeks clarification regarding the baseline the Water Master should use in calculating TCID's Voluntary Reductions repayment credits.

---

[1] Plaintiff the United States of America and Plaintiff-Intervenor the Pyramid Lake Paiute Tribe (collectively, "Plaintiffs") were the only parties who filed a response to this motion. (ECF No. 1077). The Fallon Tribe did not file a reply.

[2] Plaintiffs were also the only parties to file a response to this motion. (ECF No. 1081.) TCID filed a reply. (ECF No. 1088.)

## III. DISCUSSION

The Court will first address the Fallon Tribe's motion for clarification, then TCID's motion for clarification, and then Plaintiffs' request to create a new advance notice procedure for TCID.

### A. The Fallon Tribe's Motion for Clarification (ECF No. 1075)

The Fallon Tribe seeks confirmation that the following sentence in the Order means, "there would be less water in the system for downstream water users, but still enough water to serve decreed water entitlements." (ECF No. 1075 at 2.) The sentence is: "Said otherwise, TCID is the party that must repay its debt for the water it took, even if that ultimately leads to less water in the system for the downstream water users." (ECF No. 1074 at 7.) Plaintiffs respond they do not object to the Fallon Tribe's request for clarification, and emphasize their support for the Court's prior decisions. (ECF No. 1077.) Indeed, Plaintiffs propose the Court could clarify the sentence as follows: "TCID is the party that must repay its debt for the water it took, even if that ultimately leads to less water in the system, without impairing decreed water rights." (*Id.* at 3.)

The Court grants the Fallon Tribe's motion for clarification to the extent necessary to confirm that the Fallon Tribe's understanding of the particular sentence it highlights is correct. Plaintiffs' proposed sentence is also a reasonable interpretation of that portion of the Order. The Court is attempting to oversee the equitable execution of the TAJ, which—as the Fallon Tribe points out—incorporates by reference several prior orders, which, in turn, provide that the decreed water rights of downstream Newlands Project water users like the Fallon Tribe may not be impaired by TCID's repayment of the water it owes. (ECF Nos. 992 at 2; 1075 at 6-8.) The Court's Order should be interpreted accordingly. Thus, nothing in the Order should be interpreted to permit TCID to impair the decreed water rights of the Fallon Tribe or other downstream water users of the Newlands Reclamation Project as TCID repays its debt under the TAJ. To the extent the Order was unclear, the Court grants the Fallon Tribe's motion as specified above.

///

### B.     TCID's Motion for Clarification (ECF No. 1080)

TCID seeks clarification as to the baseline the Water Master should use in calculating the repayment credit it should receive for Voluntary Reductions, as those reductions are defined in the Order. (ECF No. 1080 at 2-3.) But TCID's motion is an attempt to make an argument clearly foreclosed by the Order—more specifically, TCID's argument that 350 cfs should always be used as the baseline for calculating TCID's repayment credit for Voluntary Reductions. (*Id.*) Indeed, TCID seeks clarification of one sentence in the Order, but seems to ignore the sentences that surrounded that sentence in the Order. (*Id.* at 2.) The paragraph following the paragraph containing the sentence TCID highlights clearly states, "the Water Master should use the physical and legal upper limit of water that TCID could divert as his baseline in calculating reductions." (ECF No. 1074 at 5.) That answers the question TCID raises in its motion for clarification. To be very clear, 350 cfs is not always the baseline the Water Master should use. TCID's motion for clarification is denied.

### C.     Plaintiffs' Request for Advance Notice

In responding to TCID's motion for clarification, Plaintiffs request the Court implement new guidelines, "requiring advanced written notice from TCID before it makes a payment, defining how much notice is required, and requiring that TCID's future annual applications for recoupment credit include copies of those written notices." (ECF No. 1081 at 8.) TCID replies that the Court should decline the request to create a new procedure, and Plaintiffs should instead direct their request to the Water Master "in the first instance since he is the one who the Court has determined must certify repayments." (ECF No. 1088 at 5.) The Court agrees with TCID on this point. The Court declines to create a new process.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines

4

that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Fallon Paiute-Shoshone Tribe's motion for clarification (ECF No. 1075) is granted as specified herein.

It is further ordered that the Truckee-Carson Irrigation District's motion for clarification (ECF No. 1080) is denied.

DATED THIS 15th Day of January 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE